UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, DIVISION

| | |
|---|---|
| SHERILYN MASON, )<br>    Plaintiff, )<br>) CASE NO.: 1:20-cv-1512<br>)<br>vs. )<br>)<br>)<br>)<br>THE KROGER COMPANY, )<br>    Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action brought by Plaintiff, Sherilyn Mason ("Mason"), by counsel, against The Kroger Company ("Kroger") for engaging in discriminatory and retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., Section 1981 of the Civil Rights Act of 1866, 42. U.S.C. § 1981 et seq., the Americans with Disabilities Act, as amended by the ADA Amendments of 2008, 42 U.S.C. § 12101, et seq., and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §2601 et seq.

## I.    JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U. S. C. §1331.  This action is being brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq., ("Section 1981"), the Americans with Disabilities Act, as amended by the ADA Amendments of 2008, 42 U.S.C. § 12101 et seq., ("ADA") and the Family and Medical Leave Act of 1993, as amended, 29 U. S. C. § 2601 et seq. ("FMLA").

1

2. This Court also has jurisdiction to grant injunctive and declaratory relief and award damages pursuant to 42 U.S.C. §2000e-5, 29 U.S.C. 2617, and 42 U.S.C. § 1981(a).

3. Plaintiff also seeks relief under Section 1988 (42 U.S.C. §1988).

4. Mason filed an EEOC Charge in February 2020.  An EEOC Dismissal and Notice of Rights was issued on February 27, 2020.  Mason timely files this action within 90 days of her receipt of the Dismissal. (Exhibit A).

## II.     PARTIES

5. Mason is a resident of Indianapolis, IN and an "employee" and "eligible employee" as those terms are defined in Title VII, ADA, and FMLA.

6. Kroger is a grocery retail chain that owns and operates numerous stores throughout Indianapolis, IN.  Kroger is an "employer" as that term is defined in Title VII, ADA and FMLA.

## III.     FACTUAL ALLEGATIONS

7. Mason, an African-American woman, became employed with Defendant in June 2014.

8. Mason performed her duties well and met or exceeded the Defendant's legitimate performance expectations.

9. Mason has epilepsy.

10. Mason informed Defendant of her disability.

11. At the end of 2016, Defendant made changes to its health benefits program.  The changes resulted in Mason being unable to obtain her seizure medicine.

12. Mason's inability to maintain her seizure regimen caused Mason to experience frequent seizures, unlike she had experienced in years.

13. In early 2017, Mason's seizures became so severe that she was often too disoriented or fatigued to call Defendant and let them know that she could not make it to work.

14. On days when Mason was unable to call her employer, her husband would call in to report that she had had a seizure and was unable to work.

15. Defendant indicated that Mason could not allow her husband to call in sick for her, despite her inability to do so.

16. Mason explained to Defendant that she was often unable to call in and report her absence because of the effects of her seizures.

17. On one particular occasion in 2017, Mason's husband called in and let the Defendant know that she was in the hospital.

18. Mason's supervisor was upset that she had allowed her husband to call in again, and he instructed the Assistant Manager to issue a one-day suspension to Mason, which he did.

19. When Mason returned to work after the one-day suspension, she presented medical documentation to her supervisor to substantiate her absence and medical condition.

20. Mason also presented a union grievance, challenging Defendant's discipline against her.

21. Mason's supervisor tossed the paperwork and told Mason that he did not care what the doctor or the union had to say.  The supervisor then suspended Mason for an additional three days.

22. When Mason returned from her three-day suspension, she was suspended indefinitely.

23. Mason grieved her suspensions with the union and was eventually reinstated.

24. Mason engaged in protected activity when she filed her union grievance.

25. Defendant's unlawful suspensions affected Mason's eligibility for FMLA.

26. Mason was repeatedly suspended and disciplined because of her disability.

27. Mason was repeatedly harassed due to her disability and Defendant retaliated against her.

28. Defendant labeled some of its disciplinary actions as attendance issues.

29. Other similarly-situated Caucasian employees were not similarly disciplined for alleged attendance issues.

30. In 2019 Mason had seizures in the store.

31. In 2019, Mason had another seizure and could not come to work.

32. Mason's supervisor questioned her ability to perform her job based on the seizures.

33. When Mason's husband called in to report her absence for another seizure, she was suspended again.

34. Mason is also a practicing Seventh-Day Adventist.

35. Mason's religion requires her to recognize the Sabbath Day, and honor that day with a day of rest and as a memorial of creation.

36. The Sabbath Day is sundown on Friday to sundown on Saturday.

37. Mason informed her supervisors that she needed to be off on Saturdays (the Sabbath), due to her religion.

38. Mason was penalized for taking off on the Sabbath, and her hours were frequently reduced in retaliation for her time off.

39. In approximately April 2019, Mason was working as a Food Service Manager.

40. The normal protocol for a Food Service Manager was to sample the food before it was made available for customer purchase.

41. In April 2019, the chef in food service prepared food, and Mason sampled the food.

42. Mason was later approached by her supervisor and accused of stealing food, then terminated.

## IV. LEGAL CLAIMS

### COUNT I-VIOLATION OF TITLE VII-RACE DISCRIMINATION

43. Plaintiff hereby incorporates by reference paragraphs 1-38.

44. Defendant subjected Plaintiff to different terms and conditions of employment due to her race, in violation of Title VII.

45. Defendant suspended and disciplined Plaintiff because of her race.

46. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II-VIOLATION OF TITLE VII-HOSTILE WORK ENVIRONMENT BASED ON RACE

47. Plaintiff hereby incorporates by reference paragraphs 1-46.

48. Plaintiff was subjected to a hostile work environment when she was subjected to difference terms and conditions of employment.

49. Plaintiff was subjected to a hostile work environment when she was denied equal employment opportunities.

50. Plaintiff was subjected to a hostile work environment when she was suspended and disciplined.

51. Plaintiff was subjected to a hostile work environment because of her race.

52. Defendant's harassment toward Plaintiff was continuous.

53. Defendant's actions were severe or pervasive and resulted in Plaintiff's damages.

54. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT III- VIOLATION OF TITLE VII- RETALIATION

55. Plaintiff hereby incorporates by reference paragraphs 1-54.

56. Plaintiff engaged in protected activity when she reported discrimination to Defendant.

57. Defendant retaliated against Plaintiff when it reduced her hours, disciplined her and terminated her.

58. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT IV- VIOLATION OF ADA-DISABILITY DISCRIMINATION

59. Plaintiff hereby incorporates by reference paragraphs 1-58.

60. Plaintiff is a qualified individual with a disability.

61. Plaintiff was able to perform the essential functions of her position with or without a reasonable accommodation.

62. Defendant suspended and terminated Plaintiff due to her disability.

63. Plaintiff has suffered and continues to suffer damages due to Defendant's unlawful actions.

## COUNT V- VIOLATION OF ADA- FAILURE TO ACCOMMODATE

64. Plaintiff hereby incorporates by reference paragraphs 1-63.

65. Plaintiff requested a reasonable accommodation when she requested the ability to allow her husband to call in for her.

66. Defendant denied Plaintiff a reasonable accommodation.

67. Plaintiff has suffered and continues to suffer damages due to Defendant's unlawful actions.

### COUNT VI-VIOLATION OF ADA- HOSTILE WORK ENVIRONMENT

68. Plaintiff hereby incorporates by reference paragraphs 1-67.

69. Plaintiff was harassed due to her disability.

70. Defendant's harassment toward Plaintiff's disability was continuous.

71. Plaintiff has suffered and continues to suffer damages as a result of Defendant's actions.

### COUNT VII-VIOLATION OF ADA- RETALIATION

72. Plaintiff hereby incorporates by reference paragraphs 1-71.

73. Plaintiff was terminated because she engaged in protected activity with respect to her disability.

74. Plaintiff was repeatedly suspended and ultimately terminated in retaliation for engaging in protected activity.

75. Plaintiff suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT VIII- VIOLATION OF SECTION 1981- RACE DISCRIMINATION

76. Plaintiff hereby incorporates by reference paragraphs 1-75.

77. Plaintiff was discriminated against due to her race.

78. Plaintiff was denied the opportunity to make and enforce contracts the same as Caucasian citizens.

79. Defendant violated Section 1981 by terminating Plaintiff.

80. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT IX VIOLATION OF TITLE VII-RELIGIOUS DISCRIMINATION and RETALIATION

81. Plaintiff hereby incorporates by reference paragraphs 1-80.

82. Plaintiff requested a religious accommodation.

83. Plaintiff was penalized and retaliated against for engaging in religious activity.

84. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT X- VIOLATION OF FMLA

85. Plaintiff hereby incorporates by reference paragraphs 1-84.

86. Plaintiff should have been eligible for FMLA.

87. Defendant interfered with Plaintiff's ability to take FMLA by engaging in repeated unlawful suspensions.

88. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT XI- RELIEF UNDER SECTION 1981(a) and Section 1988

89. Plaintiff hereby incorporates by reference paragraphs 1-88.

90. Defendant has engaged in civil rights, disability and reasonable accommodation violations.

91. Defendant is liable for compensatory and punitive damages, as well as attorney's fees.

## PRAYER OR RELIEF

**WHEREFORE**, Plaintiff, Sherilyn Mason, by counsel, does hereby request the following as relief:

a. Enter judgment in favor of Plaintiff,

b. Award lost wages, front pay, and associated benefits due to Defendant's unlawful conduct.

c. Provide injunctive relief enjoining Defendant from engaging in discrimination and retaliation.

d. Award compensation for any and all damages suffered as a consequence of Defendant's unlawful actions.

e. Award compensatory damages for all past and future pecuniary losses, including emotional distress, inconvenience, and humiliation.

f. Award punitive damages.

g. Award all costs and attorney's fees incurred as a result of pursuing this action.

h. Award pre- and post-judgment interest in all sums recoverable.

i. Award all other legal and/or equitable relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully demands the Complaint and all triable issues be determined by jury.

Respectfully submitted,

*s/Robin C. Clay*

_____
Robin C. Clay, Attorney No. 22734-49

*Attorney for Sherilyn Mason*
Curlin & Clay Law, Association of Attorneys
8510 Evergreen Ave Suite 200
Indianapolis, IN 46240
Tel: (317) 202-0301
Fax: (317) 282-0688
rclay@curlinclaylaw.com